UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-23138-CIV-MORENO

PETRA ALEXANDER,

    Plaintiff,

vs.

HALL, FERGUSON, AND HEWITT MORTUARY, P.A., and TONY E. FERGUSON,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (**D.E. No. 8**), filed on **October 26, 2011**. Defendants argue the Complaint provides only conclusory allegations that do not properly qualify the employee or employer as those covered under the Fair Labor Standards Act. Specifically, the Plaintiff simply alleged that the defendants were an "enterprise" engaged in interstate commerce and that Defendant Tony Ferguson is an "employer" within the meaning of 29 U.S.C. §203(d). The complaint fails to indicate sufficiently the relationship of each Defendant, the enterprise and how they are employers within the meaning of the law.

### DISCUSSION

Alexander worked for the Defendants from 2004 until January 24, 2011. She worked more than 40 hours per week within three years of filing this Complaint. She estimates she is owed $24,780 in wages and overtime compensation, so she brought this suit pursuant to the Fair Labor Standards Act.

Defendants seek to dismiss this action because the Complaint is insufficiently pled. Defendants point out two specific allegations that they argue are conclusory:

> "During all times relevant to this action, Plaintiff was an "employee" pursuant to 29 U.S.C. §203 (e)(1) of the Fair Labor Standards Act."

> "At all times material hereto, Defendants were an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. §203(r) and (s) of the FLSA."

The Complaint does not allege any facts that satisfy §203(s)(1)(A)(ii), which defines an enterprise as having "sales made or business done" in excess of $500,000, making it conclusory. There is no factual detail provided about the employer other than it is a funeral home conducting business in the Southern District of Florida. Even when viewing the Complaint in the light most favorable to the plaintiff and accepting the plaintiff's well-pleaded facts as true, there is no basis for Alexander's assertion that enterprise coverage extends to the Defendants. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986); *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010).

Alexander provides no descriptions of her work activities as they relate to her being engaged in interstate commerce. It is her work, not the employer's work, that is decisive in determining coverage under the Fair Labors Standard Act. *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943). The bald assertion that the Plaintiff simply *is* an employee pursuant to 29 U.S.C. §203 is conclosury. There are no additional facts for the Court to read in a light favorable to the Plaintiff, so no factual basis for FLSA coverage can be found.

In response to the Motion to Dismiss, Plaintiff argues that the Complaint needs only to make "inferential allegations" and is adequate under Fed. R. Civ. P. 8(a) because it is a notice pleading. These arguments do not overcome the conclusary nature of allegations and the lack of any operative facts required to distinguish the employee and employer as covered by the Fair Labor and Standards Act.

## CONCLUSION

The Plaintiff does not properly assert a claim upon which relief can be granted pursuant to the Fair Labor Standards Act. 29 U.S.C. §201 *et seq*. Therefore, it is

**ADJUDGED** that the motion is GRANTED. The Complain is DISMISSED without prejudice with leave to re-file no later than **March 16, 2012**.

DONE AND ORDERED in Chambers at Miami, Florida, this 22 day of February, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record