UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  11-23138-CIV-MORENO**

PETRA ALEXANDER,

      Plaintiff,

vs.

HALL,   FERGUSON,   AND   HEWITT
MORTUARY, P.A., and TONY E. FERGUSON,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Second Amended

Complaint and Incorporated Memorandum of Law **(D.E. No. 19)**, filed on **April 30, 2012**.  Plaintiff

Petra Alexander brought suit against Defendants Hall, Ferguson, and Hewitt Mortuary, P.A. and

Tony E. Ferguson for violations of the Fair Labor Standards Act.  In response, Defendants filed a

motion to dismiss claiming that Plaintiff's complaint failed to offer sufficient factual support to

demonstrate a plausible application of the Act.  This Court disagrees with Defendants' arguments,

finding instead that Plaintiff has included an adequate factual foundation for individual coverage

under the Act.  Consequently, the Court denies Defendants' motion to dismiss.

### I.  FACTUAL BACKGROUND

Plaintiff Alexander alleges that her employers, Hall, Ferguson and Hewitt Mortuary and

Tony E. Ferguson, denied her overtime compensation for workweeks longer than forty hours.

She contends that this denial was willful on the part of Defendants, and was consequently

unlawful under the Act.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Id.* In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. DISCUSSION

Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours" unless he provides adequate compensation. 29 U.S.C. § 207(a)(1). One way therefore to establish employer liability under the Act is to show that the employee was "engaged in commerce or in the production of goods for commerce," otherwise known as individual coverage.

For an employee to be "engaged in commerce" under the first prong of individual

coverage, he must

> directly participat[e] in the actual movement of persons or things in
> interstate commerce by (i) working for an instrumentality of interstate
> commerce, e.g., transportation or communication industry employees, or
> (ii) by regularly using the instrumentalities of interstate commerce in his
> work, e.g., regular and recurrent use of interstate telephone, telegraph,
> mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §

776.23(d)(2); 29 C.F.R. § 776.24).  Alternatively, under the second prong, employees engaged in

the "production of goods for commerce" include any employee "whose work is closely related

and directly essential to the production of goods for commerce." *Id.* at 1269 (citing 29 C.F.R. §

776.18).

In her complaint, Plaintiff asserts liability under the Act pursuant to the first prong of

individual coverage.  Specifically, she states that she was an employee "engaged in commerce"

as she "regularly and on a recurrent basis participated in the actual movement of persons or

things in interstate commerce by regularly using the instrumentalities of interstate commerce in

her work."  Her job duties included:

> regular and recurrent use of daily interstate telephone calls and faxes and
> mailings to arrange funerals, arrange for transport of corpses for funerals,
> to order goods used resale for the operations of Defendants' business and
> to confirm the existence of insurance coverage and to set up insurance
> claims with various out of state insurance companies.

Assuming the truth of these facts and viewing them in the light most favorable to

Plaintiff, the complaint provides an adequate factual basis for its legal conclusion that the Act

applies to Defendants under an individual coverage theory.  Plaintiff states that she directly

participated in the movement of corpses and goods for resale in interstate commerce by regularly

using an instrumentality of interstate commerce, namely interstate telephone calls.  This provides

enough of a foundation for a plausible claim of individual coverage liability to survive

Defendants' motion to dismiss.

## IV.  CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendants' Motion to Dismiss Second Amended Complaint and

Incorporated Memorandum of Law is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of June, 2012.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record